# EXHIBIT

# 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Civil Action No. 7:24-cv-00221-ADA-DTG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF NEURAL AI, LLC'S NOTICE OF SERVICE**
**OF SUBPOENA TO META PLATFORMS, Inc.**

PLEASE TAKE NOTICE that Plaintiff Neural AI, LLC ("Neural AI") will serve (1) a Subpoena to Produce Documents, Information, or Objects on Meta Platforms, Inc. ("Meta"), attached hereto as Attachment 1, and (2) a Subpoena for Testimony on Meta, attached as Attachment 2.

Dated: June 24, 2026

Respectfully submitted,

/s/ *Emily Portuguese*

Max L. Tribble
Texas State Bar 20213950
Brian D. Melton
Texas State Bar 24010620
Rocco Magni
Texas State Bar 24092745
Samuel Drezdzon
Texas State Bar 24117374
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366

Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tamar Lusztig
NY State Bar 5125174
Emily Portuguese
NY State Bar 5920327
One Manhattan West, 50th Floor
New York, NY 10001
tlusztig@susmangodfrey.com
eportuguese@susmangodfrey.com

Tanner Laiche
WA State Bar 5125174
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

Mark D. Siegmund
Texas State Bar No. 24117055
CHERRY JOHSON SIEGMUND JAMES PC
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
msiegmund@cjsjlaw.com

Max Ciccarelli
Texas State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff Neural AI, LLC*

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2026 true and correct copies of Neural AI's Subpoena to Produce Documents, Information, or Objects and Subpoena for Testimony on Meta has been served all counsel of record electronically.

/s/ *Emily Portuguese*
Emily Portuguese

# Attachment 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| Neural AI, LLC<br>*Plaintiff*<br>v.<br>NVIDIA Corporation<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:24-cv-00221-ADA-DTG<br><br>(If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Meta Platforms, Inc.
c/o Corporation Service Company DBA CSC- Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Planet Depos – Downtown Austin c/o Lexitas Legal, 100 Congress Ave, Ste. 2000, Austin, TX 78701 | Date and Time: 07/14/2026 11:59 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/24/2026

*CLERK OF COURT*

OR

_______________________
*Signature of Clerk or Deputy Clerk*

/s/ Emily Portuguese
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Neural AI, LLC, who issues or requests this subpoena, are:

Emily Portuguese, Susman Godfrey LLP, One Manhattan West, 50th Floor, New York, New York 10001
eportuguese@susmangodfrey.com, 212-729-2082

Civil Action No. 7:24-cv-00221-ADA-DTG

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "NVIDIA GPUs" means the Hopper, Ada Lovelace, Ampere, Turing, Volta, Pascal, Maxwell, Jetson, and Blackwell architectures of NVIDIA graphics processing units. For avoidance of doubt, those architectures include the following devices: DGX line of supercomputers and servers (including at least DGX B300, DGX B200, DGX GB200, DGX GB300, DGX Spark, DGX Station, DGX SuperPOD with GB300, DGX SuperPOD with GB200, DGX H200, DGX H100, DGX BasePOD, DGX SuperPOD with H200, DGX A100), HGX line of supercomputers and servers (including at least HGX B300, HGX B200, HGX H100, HGX H200, Eos SuperPOD), OVX line of supercomputers and servers (including at least OVX L40S), EGX line of supercomputers and servers (including at least EGX Server with Quadro RTX A6000, EGX Server with A40, EGX Server with Quadro RTX 8000, EGX Server with Quadro RTX 6000), GB300 NVL72, GB200 NVL72; Nvidia's GPU accelerators and superchips, including those with NVIDIA's Blackwell, Hopper, Ada Lovelace, Ampere, Turing, Volta, Pascal, and Maxwell GPU architectures, including at least, RTX PRO 6000 Server Edition, RTX PRO 6000 Workstation, RTX PRO 6000 Max-Q Workstation, RTX PRO 5000, RTX PRO 4500, RTX PRO 4000, RTX PRO 3000, RTX PRO 2000, RTX PRO 1000, RTX PRO 500, GB300, GB200, H100, H200, GH200, GH100, L40, L40S, L4, RTX 6000, RTX 6000 Ada, RTX 5000, Ada, RTX 4500 Ada, RTX 4000 Ada, RTX 4000 SFF, RTX 3500, RTX 3000, RTX 2000, RTX 1000, RTX 500, RTX 4090, RTX 4080 SUPER, RTX 4070 Ti SUPER, RTX 4070 SUPER, RTX 4070, RTX 4060 Ti, and RTX 4060, GeForce RTX 4090 Laptop GPU, GeForce RTX 4080 Laptop GPU, GeForce RTX 4070 Laptop GPU, GeForce RTX 4060 Laptop GPU, GeForce RTX 4050 Laptop GPU, A100, A40, A30, A16, A10, A2, A800 40GB Active, RTX A6000, RTX A5500, RTX A5000, RTX

A4500, RTX A4000, RTX A2000, RTX A2000 12GB, RTX A1000, RTX A400, RTX A5500, RTX A4500, RTX A3000 12GB, RTX A2000 8GB, RTX A1000 6GB, RTX A500, GeForce RTX 3090 Ti, GeForce RTX 3090, GeForce RTX 3080 Ti, GeForce RTX 3080, GeForce RTX 3070 Ti, GeForce RTX 3070, GeForce RTX 3060 Ti, GeForce RTX 3060, GeForce RTX 3050 (8 GB), GeForce RTX 3050 (6 GB), GeForce RTX 3080 Ti Laptop GPU, GeForce RTX 3080 Laptop GPU, GeForce RTX 3070 Ti Laptop GPU, GeForce RTX 3070 Laptop GPU, GeForce RTX 3060 Laptop GPU, GeForce RTX 3050 Ti Laptop GPU, GeForce RTX 3050 Laptop GPU, GeForce MX570 Laptop GPU, Tesla T4 GPUs, Quadro RTX 8000, Quadro RTX 6000, Quadro RTX 8000, Quadro RTX 6000, Quadro RTX 5000, Quadro RTX 4000, Quadro RTX 3000, Quadro T2000, T1000 8GB, T1200, Quadrio T1000, T1000 (4GB), T600, T550, T500 T400, T400 4GB, Titan RTX, GeForce RTX 2080 Ti, GeForce RTX 2080, Super, GeForce RTX 2080, GeForce RTX 2070 Super, GeForce RTX 2070, GeForce RTX 2060 Super, GeForce RTX 2060, GeForce RTX 2500, GeForce GTX 1660 Ti, GeForce GTX 1660 Super, GeForce GTX 1660, GeForce GTX 1650 Ti, GeForce GTX 1650 Super, GeForce GTX 1650 (G5), GeForce GTX 1650 (G6), GeForce GTX 1650, GeForce GTX 1630, GeForce MX550, GeForce MX450, GeForce MX430, Tesla V100, Quadro GV100, Titan V GPU, Tesla P100, P40, P4, Quadro GP100, Quadro P6000, Quadro P5200, Quadro P5000, Quadro P4200, Quadro P4000, Quadro P3200, Quadro P3000, Quadro P2200, Quadro P2000, Quadro P1000, Quadro P620, Quadro P600, Quadro P520, Quadro P500, Quadro P400, Titan Xp, Titan X, GeForce GTX 1080 Ti, GeForce GTX 1080, GeForce GTX 1070 Ti, GeForce GTX 1070, GeForce GTX 1060, GeForce GTX 1050 Ti, GeForce GTX 1050, GeForce MX300, GeForce MX200, GeForce MX150, Tesla M60, M40, M10, Quadro M6000 24GB, Quadro M6000 (12GB), Quadro M5000, Quadro M5000M, Quadro M5500, Quadro M4000, Quadro M4000M, Quadro M3000M, Quadro M2200, Quadro M2000, Quadro M2000M,

Quadro M1200, Quadro M1000M, Quadro M620, Quadro M600M, Quadro M520, Quadro M500M, NVS 810, Tesla M6, GTX Titan X, GeForce GTX 980Ti, GeForce GTX 980, GeForce GTX 970, GeForce GTX 960, GeForce GTX 980M, GeForce GTX 970M, GeForce GTX 965M, GeForce GTX 960M, GeForce GTX 950M, GeForce GTX 750 Ti, GeForce GTX 750, GeForce MX130, and GeForce MX110; and Jetson modules, including at least the Jetson Thor Series, Jetson Thor, Jetson T5000, Jetson T4000, Jetson AGX Orin Series, Jetson AGX Orin Developer Kit, Jetson AGX Orin 64GB, Jetson AGX Orin Industrial, Jetson AGX Orin 32GB, Jetson Orin NX Series, Jetson Orin NX 16GB, Jetson Orin NX 8GB, Jetson Orin Nano Series, Jetson Orin Nano Super Developer Kit, Jetson Orin Nano 8GB, Jetson Orin Nano 4GB, Jetson AGX Xavier Series, Jetson AGX Xavier Industrial, Jetson AGX Xavier 64GB, Jetson AGX Xavier 32GB, Jetson Xavier NX Series, Jetson Xavier NX 16GB, Jetson Xavier NX 8GB, Jetson TX2 Series, Jetson TX2i, Jetson TX2, Jetson TX2 4GB, Jetson TX2 NX, Jetson Nano, any and all variations of the aforementioned products (including at least products having different options for number of GPUs).

2. The terms "and" and "or" are not intended to be read disjunctively but rather conjunctively unless the context of a particular request clearly indicates otherwise. "Or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

3. The terms "any" or "each" should be understood to include and encompass "all."

4. The terms "concerning," "related to" or "relating to", and "regarding" and any variation of these terms mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, relating to,

reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, directly or indirectly, in whole or in part.

5. The term "CPU(s)" means Central Processing Unit(s).

6. The term "Document(s)" shall have the broadest meaning possible under Federal Rules 26 and 34 and shall include without limitation: documents, Electronically Stored Information, communications in written, electronic, and recorded form, and tangible things. A draft or non-identical copy of a document shall be considered a separate document within the meaning of the term "document." Any comment, notation, or other marking shall be sufficient to distinguish documents that are otherwise similar in appearance and to make them separate documents for purposes of your response. Any preliminary form, intermediate form, superseded version, or amendment of any document is to be considered a separate document.

7. The term "GPU(s)" means Graphics Processing Unit(s).

8. The terms "include" and "including" mean including without limitation.

9. The term "NVIDIA" means Defendant NVIDIA Corporation, its predecessors, present and former directors, officers, accountants, affiliates, attorneys, partners, managers, agents, employees, representatives, in-house and outside counsel, and any other person or entity acting on behalf of or under control of Defendant NVIDIA Corporation.

10. The term "person(s)" means and includes natural persons and formal or informal entities and organizations, including public and private corporations, partnerships, professional corporations, limited liability companies, business trusts, banking institutions, associations, firms, joint ventures, commissions, bureaus, departments, and any other legal entity, including any divisions, subsidiaries, departments, and other units thereof.

11. The term "Source Code" means human-readable instructions written in a

programming language, including all comments, annotations, declarations, functions, classes, and other components used to define the behavior of a software program. For purposes of these requests, "Source Code" includes all associated files necessary to understand, compile, and execute the code, such as scripts, header files, makefiles, configuration files, and documentation. Unless otherwise stated, "Source Code" includes all versions and revisions relevant to the time periods and subject matter described in each interrogatory.

12. The terms **"**You" or "Your" refer to Meta Platforms, Inc., including but not limited to its predecessors, successors, parents, subsidiaries, divisions, affiliates, and all past or present directors, officers, partners, managers, employees, contractors, agents, representatives, accountants, consultants, in-house and outside counsel, and any other person or entity acting or purporting to act on its behalf or subject to its control. This definition expressly includes, without limitation, any Meta parent, subsidiary, affiliate, or other related entity that has used, licensed, deployed, evaluated, or integrated NVIDIA GPUs or software.

13. The use of the singular form of any word includes the plural and vice versa.

14. These Requests seek the production of all documents, electronically stored information ("ESI"), and tangible things in your possession, custody, or control, as that phrase is used in Federal Rule of Civil Procedure 34, as of the date of compliance with this subpoena and that come into your possession, custody, or control at any time prior to production. This includes materials held by You directly, as well as by Your affiliates, subsidiaries, agents, representatives, or any other person or entity acting on Your behalf.

15. If You are aware of the existence (past or present) of any responsive documents, ESI, or tangible items that are not in Your current possession, custody, or control, You must identify such materials and provide:

a. A description of the item(s);

b. The name and contact information of the person or entity currently believed to have possession, custody, or control; and

c. The reason You are unable to produce the material(s).

16. If You believe that no responsive documents, ESI, or tangible things exist in response to a particular request, You must state so in writing with respect to that request.

17. If You withhold any document, ESI, or portion thereof based on a claim of attorney-client privilege, work product doctrine, or any other legal protection, You must produce a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5).

18. You must produce all documents and ESI: as they are kept in the usual course of business or organized and labeled to correspond to the categories in this subpoena, as required under FRCP 34(b)(2)(E); in their native electronic format (with original metadata intact) wherever possible, or as searchable, OCR-scanned PDFs with corresponding load files; with complete family groupings (e.g., attachments must be produced with their parent emails/documents); and in the same folders or directories in which they were maintained, preserving original file structures and naming conventions.

19. You must maintain and produce a record of the source of each document or ESI item produced, including:

a. The file path or directory location;

b. The name of the custodian (individual, team, or department) from whose files the document was collected;

c. The system or platform (e.g., email server, shared drive, cloud service) from which the document was obtained.

This information may be provided in metadata load files, a source log, or other mutually agreed format. This instruction is consistent with Federal Rule of Civil Procedure 34(b)(2)(E) and

proportional discovery principles under Rule 26(b)(1). If any of the above information is not reasonably available or unduly burdensome to collect, You must so state and explain the basis for that assertion.

20. For all ESI, You must preserve and produce standard metadata fields, including but not limited to: filename, filepath, author, date created, date last modified, recipients, sender, subject line (for emails), and document type. You must not degrade or alter metadata through processing or production.

21. You are under a continuing obligation to supplement or correct Your production if You discover or obtain additional responsive materials prior to the close of discovery or the resolution of this matter.

22. Unless otherwise stated, the relevant period is from September 13, 2018 to the present.

23. Unless otherwise stated, all requests herein are limited to documents, electronically stored information, and tangible things that relate to NVIDIA GPU-Acceleration Hardware or NVIDIA GPU-Acceleration Software that were:

a. purchased, acquired, licensed, used, implemented, deployed, tested, or evaluated within the United States, or

b. purchased, acquired, licensed, or used for the purpose of supporting, enabling, or operating any facility, system, team, data center, personnel, product, service, customer, or business activity located in or directed toward the United States.

This instruction is intended to encompass both U.S.-based activity and non-U.S. activity that directly supports or enables U.S. operations or usage.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Documents sufficient to identify all software, frameworks, libraries, APIs, scripts, Source Code, configuration files, and custom code You use to perform computations on NVIDIA GPUs.

2. Documents sufficient to show whether You use NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream), or any other NVIDIA software as part of computations You perform using NVIDIA GPUs.

3. Documents sufficient to show whether You use sample Source Code provided by NVIDIA as part of computations You perform using NVIDIA GPUs.

4. Documents sufficient to show whether and how any software You use to perform computations on NVIDIA GPUs calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by CUDA, cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications or frameworks or any other NVIDIA software.

5. Documents sufficient to show the architecture, design, data flow, control flow, and execution flow of any system in which You use NVIDIA GPUs to perform computations, including diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime logs, and profiler traces.

6. Documents sufficient to show whether computations You performed using NVIDIA GPUs involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers.
7. Documents sufficient to show whether You use a pointer to data stored in memory (e.g. memory bank or partition), using as an input to a subsequent computational layer the pointer to output data from a GPU computation, using pointers in neural network computations, swapping an input pointer with the pointer to data output from a GPU computation, pointer swapping, pointer rotation, buffer swapping, ping-pong buffers, double or triple buffering, alternating input/output buffers, or any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle.
8. Documents sufficient to show whether You store input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations using NVIDIA GPUs.
9. Documents sufficient to show how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory—including GPU RAM (e.g. GPU HBM, GDDR) and/or GPU cache(s)—before, during, or in parallel with computations You perform using NVIDIA GPUs.

10. Documents sufficient to show how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations You perform using NVIDIA GPUs—and also including in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while other GPU computations are occurring.
11. Documents sufficient to show how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or executed, including through kernels, CUDA streams, CUDA graphs, events, threads, controllers, schedulers, compilers, runtimes, inference engines, run lists, run engines, or custom software.
12. Documents sufficient to show whether and how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation.

# **Attachment 2**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| Neural AI, LLC<br>*Plaintiff*<br>v.<br>NVIDIA Corporation<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 7:24-cv-00221-ADA-DTG |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Meta Platforms, Inc.
c/o Corporation Service Company DBA CSC- Lawyers Inc, 211 E. 7th Street, Suite 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A.

| Place: Planet Depos – Downtown Austin c/o Lexitas Legal, 100 Congress Ave, Ste. 2000, Austin, TX 78701 | Date and Time: 07/21/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: audio, video, and stenographic means

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/24/2026

*CLERK OF COURT*

OR

/s/ Emily Portuguese

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Neural AI, LLC, who issues or requests this subpoena, are:

Emily Portuguese, Susman Godfrey LLP, One Manhattan West, 50th Floor, New York, New York 10001
eportuguese@susmangodfrey.com, 212-729-2082

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 7:24-cv-00221-ADA-DTG

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

24. The term "NVIDIA GPUs" means the Hopper, Ada Lovelace, Ampere, Turing, Volta, Pascal, Maxwell, Jetson, and Blackwell architectures of NVIDIA graphics processing units. For avoidance of doubt, those architectures include the following devices: DGX line of supercomputers and servers (including at least DGX B300, DGX B200, DGX GB200, DGX GB300, DGX Spark, DGX Station, DGX SuperPOD with GB300, DGX SuperPOD with GB200, DGX H200, DGX H100, DGX BasePOD, DGX SuperPOD with H200, DGX A100), HGX line of supercomputers and servers (including at least HGX B300, HGX B200, HGX H100, HGX H200, Eos SuperPOD), OVX line of supercomputers and servers (including at least OVX L40S), EGX line of supercomputers and servers (including at least EGX Server with Quadro RTX A6000, EGX Server with A40, EGX Server with Quadro RTX 8000, EGX Server with Quadro RTX 6000), GB300 NVL72, GB200 NVL72; Nvidia's GPU accelerators and superchips, including those with NVIDIA's Blackwell, Hopper, Ada Lovelace, Ampere, Turing, Volta, Pascal, and Maxwell GPU architectures, including at least, RTX PRO 6000 Server Edition, RTX PRO 6000 Workstation, RTX PRO 6000 Max-Q Workstation, RTX PRO 5000, RTX PRO 4500, RTX PRO 4000, RTX PRO 3000, RTX PRO 2000, RTX PRO 1000, RTX PRO 500, GB300, GB200, H100, H200, GH200, GH100, L40, L40S, L4, RTX 6000, RTX 6000 Ada, RTX 5000, Ada, RTX 4500 Ada, RTX 4000 Ada, RTX 4000 SFF, RTX 3500, RTX 3000, RTX 2000, RTX 1000, RTX 500, RTX 4090, RTX 4080 SUPER, RTX 4070 Ti SUPER, RTX 4070 SUPER, RTX 4070, RTX 4060 Ti, and RTX 4060, GeForce RTX 4090 Laptop GPU, GeForce RTX 4080 Laptop GPU, GeForce RTX 4070 Laptop GPU, GeForce RTX 4060 Laptop GPU, GeForce RTX 4050 Laptop GPU, A100, A40, A30, A16, A10, A2, A800 40GB Active, RTX A6000, RTX A5500, RTX A5000, RTX

A4500, RTX A4000, RTX A2000, RTX A2000 12GB, RTX A1000, RTX A400, RTX A5500, RTX A4500, RTX A3000 12GB, RTX A2000 8GB, RTX A1000 6GB, RTX A500, GeForce RTX 3090 Ti, GeForce RTX 3090, GeForce RTX 3080 Ti, GeForce RTX 3080, GeForce RTX 3070 Ti, GeForce RTX 3070, GeForce RTX 3060 Ti, GeForce RTX 3060, GeForce RTX 3050 (8 GB), GeForce RTX 3050 (6 GB), GeForce RTX 3080 Ti Laptop GPU, GeForce RTX 3080 Laptop GPU, GeForce RTX 3070 Ti Laptop GPU, GeForce RTX 3070 Laptop GPU, GeForce RTX 3060 Laptop GPU, GeForce RTX 3050 Ti Laptop GPU, GeForce RTX 3050 Laptop GPU, GeForce MX570 Laptop GPU, Tesla T4 GPUs, Quadro RTX 8000, Quadro RTX 6000, Quadro RTX 8000, Quadro RTX 6000, Quadro RTX 5000, Quadro RTX 4000, Quadro RTX 3000, Quadro T2000, T1000 8GB, T1200, Quadrio T1000, T1000 (4GB), T600, T550, T500 T400, T400 4GB, Titan RTX, GeForce RTX 2080 Ti, GeForce RTX 2080, Super, GeForce RTX 2080, GeForce RTX 2070 Super, GeForce RTX 2070, GeForce RTX 2060 Super, GeForce RTX 2060, GeForce RTX 2500, GeForce GTX 1660 Ti, GeForce GTX 1660 Super, GeForce GTX 1660, GeForce GTX 1650 Ti, GeForce GTX 1650 Super, GeForce GTX 1650 (G5), GeForce GTX 1650 (G6), GeForce GTX 1650, GeForce GTX 1630, GeForce MX550, GeForce MX450, GeForce MX430, Tesla V100, Quadro GV100, Titan V GPU, Tesla P100, P40, P4, Quadro GP100, Quadro P6000, Quadro P5200, Quadro P5000, Quadro P4200, Quadro P4000, Quadro P3200, Quadro P3000, Quadro P2200, Quadro P2000, Quadro P1000, Quadro P620, Quadro P600, Quadro P520, Quadro P500, Quadro P400, Titan Xp, Titan X, GeForce GTX 1080 Ti, GeForce GTX 1080, GeForce GTX 1070 Ti, GeForce GTX 1070, GeForce GTX 1060, GeForce GTX 1050 Ti, GeForce GTX 1050, GeForce MX300, GeForce MX200, GeForce MX150, Tesla M60, M40, M10, Quadro M6000 24GB, Quadro M6000 (12GB), Quadro M5000, Quadro M5000M, Quadro M5500, Quadro M4000, Quadro M4000M, Quadro M3000M, Quadro M2200, Quadro M2000, Quadro M2000M,

Quadro M1200, Quadro M1000M, Quadro M620, Quadro M600M, Quadro M520, Quadro M500M, NVS 810, Tesla M6, GTX Titan X, GeForce GTX 980Ti, GeForce GTX 980, GeForce GTX 970, GeForce GTX 960, GeForce GTX 980M, GeForce GTX 970M, GeForce GTX 965M, GeForce GTX 960M, GeForce GTX 950M, GeForce GTX 750 Ti, GeForce GTX 750, GeForce MX130, and GeForce MX110; and Jetson modules, including at least the Jetson Thor Series, Jetson Thor, Jetson T5000, Jetson T4000, Jetson AGX Orin Series, Jetson AGX Orin Developer Kit, Jetson AGX Orin 64GB, Jetson AGX Orin Industrial, Jetson AGX Orin 32GB, Jetson Orin NX Series, Jetson Orin NX 16GB, Jetson Orin NX 8GB, Jetson Orin Nano Series, Jetson Orin Nano Super Developer Kit, Jetson Orin Nano 8GB, Jetson Orin Nano 4GB, Jetson AGX Xavier Series, Jetson AGX Xavier Industrial, Jetson AGX Xavier 64GB, Jetson AGX Xavier 32GB, Jetson Xavier NX Series, Jetson Xavier NX 16GB, Jetson Xavier NX 8GB, Jetson TX2 Series, Jetson TX2i, Jetson TX2, Jetson TX2 4GB, Jetson TX2 NX, Jetson Nano, any and all variations of the aforementioned products (including at least products having different options for number of GPUs).

25. The terms "and" and "or" are not intended to be read disjunctively but rather conjunctively unless the context of a particular request clearly indicates otherwise. "Or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

26. The terms "any" or "each" should be understood to include and encompass "all."

27. The terms "concerning," "related to" or "relating to", and "regarding" and any variation of these terms mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, contradicting, describing, dealing with, discussing, establishing, evidencing, identifying, involving, noting, recording, reporting on, relating to,

reflecting, referring to, regarding, stating, showing, studying, mentioning, memorializing, or pertaining to, directly or indirectly, in whole or in part.

28. The term "CPU(s)" means Central Processing Unit(s).

29. The term "GPU(s)" means Graphics Processing Unit(s).

30. The terms "include" and "including" mean including without limitation.

31. The term "NVIDIA" means Defendant NVIDIA Corporation, its predecessors, present and former directors, officers, accountants, affiliates, attorneys, partners, managers, agents, employees, representatives, in-house and outside counsel, and any other person or entity acting on behalf of or under control of Defendant NVIDIA Corporation.

32. The term "person(s)" means and includes natural persons and formal or informal entities and organizations, including public and private corporations, partnerships, professional corporations, limited liability companies, business trusts, banking institutions, associations, firms, joint ventures, commissions, bureaus, departments, and any other legal entity, including any divisions, subsidiaries, departments, and other units thereof.

33. The term "Source Code" means human-readable instructions written in a programming language, including all comments, annotations, declarations, functions, classes, and other components used to define the behavior of a software program. For purposes of these topics, "Source Code" includes all associated files necessary to understand, compile, and execute the code, such as scripts, header files, makefiles, configuration files, and documentation. Unless otherwise stated, "Source Code" includes all versions and revisions relevant to the time periods and subject matter described in each interrogatory.

34. The terms "You," or "Your" refer to Meta Platforms, Inc., including but not limited to its predecessors, successors, parents, subsidiaries, divisions, affiliates, and all past or present

directors, officers, partners, managers, employees, contractors, agents, representatives, accountants, consultants, in-house and outside counsel, and any other person or entity acting or purporting to act on its behalf or subject to its control. This definition expressly includes, without limitation, any Meta parent, subsidiary, affiliate, or other related entity that has used, licensed, deployed, evaluated, or integrated NVIDIA Hardware and/or NVIDIA Software.

35. The use of the singular form of any word includes the plural and vice versa.

**DEPOSITION TOPICS**

1. The NVIDIA software and libraries You use to perform computations, including but not limited to NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream).
2. The NVIDIA sample Source Code You use, in whole or in part, to conduct computations.
3. Your customizations and/or data inputs to NVIDIA software that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run.
4. Identification of Your software that uses NVIDIA GPUs to perform computations.
5. Using Your software, the ways in which output data from a GPU computation(s), including intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs.