# EXHIBIT

# 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | **CIVIL ACTION NO. 7:24-cv-00221-ADA-DTG** |

**NON-PARTY META PLATFORM, INC.'S RESPONSES TO PLAINTIFF NEURAL AI, LLC'S SUBPOENAS TO META PLATFORMS, INC.**

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, nonparty Meta Platforms, Inc. ("Meta") hereby responds to the Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in a Civil Action and Subpoena to Testify at a Deposition in a Civil Action ("Subpoenas") served by Plaintiff Neural AI, LLC ("Plaintiff") on June 25, 2026, as follows.

## PRELIMINARY STATEMENT

1. These responses are made solely for the purpose of the above-entitled action.

2. Meta's objections and responses are based solely upon the information that is presently available to and specifically known by Meta at this time.

3. Meta responds to each Request and Topic, to the extent that no objection is made, based upon its interpretation and understanding of the particular Request or Topic.

4. Meta's responses to the Requests and Topics are made subject to and without waiver of any objections as to privilege or as to the competency, relevancy, materiality, or admissibility as evidence for any other purpose, of any of the information provided or referred to, of any of the responses given herein, or of the subject matter thereof, in this action or in any other proceeding. In responding to the Subpoenas, Meta does not concede the competency, relevancy, materiality, or admissibility of the subject matter of any Request or Topic. Nothing contained in its objections and responses is to be construed as an admission by Meta concerning:

a. the existence of any document or information contained therein;

b. the authenticity, competence, relevance, or admissibility of any document or information contained herein; or

c. the truth or accuracy of any information, statement, construction, or

d. characterization contained in any document, or that the documents are in Meta's possession, custody, or control.

5. To the extent Meta indicates that it is willing to produce documents, it will only produce relevant, responsive documents in its possession, custody, or control that it locates after a reasonably diligent search.

6. A full or partial production of documents in any or all categories of any Request shall not be deemed to be a waiver of Meta's right to object to production of such documents. No response to any portion of any Request or Topic shall be deemed a waiver

of any objections not set forth herein that could be made to any such portion of the Request or Topic regarding the relevancy of the document or admissibility.

7. The inadvertent production of any privileged document is not to be deemed a waiver of privilege, and Meta reserves the right to object to the introduction or any other use of any privileged or protected documents that may be inadvertently produced.

8. Meta reserves its right to object to the introduction of the documents produced into evidence for any purpose in this action or in any other proceeding.

9. Any documents provided by Meta will be produced only under adequate protections, including pursuant to the protective order in the action, Docket Entry 111, and any necessary amendments, addenda, and/or undertakings. Meta reserves the right to designate its document production as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

10. Meta objects to the Subpoenas as overly burdensome for failing to provide a reasonable time for compliance. Meta will meet and confer with Plaintiff regarding the scope and timing of any document production.

11. Meta does not intend to appear for a deposition as noticed on July 21, 2026. As set forth below, Meta is prepared to confer with Plaintiff regarding the need for and appropriate scope of a deposition, to the extent that Meta has responsive information and

knowledgeable witnesses, once Meta's objections to the Subpoenas have been resolved and any documents responsive to the narrowed Subpoenas have been produced.

## GENERAL OBJECTIONS

The following General Objections (and Objections to the Definitions) are incorporated by reference into each response hereafter as if the objections were fully set forth therein. A specific response may restate an objection for emphasis or some other reason. The failure to restate any General Objection in a specific response shall not constitute a waiver of that objection.

1. Meta objects that the place of compliance for the Subpoenas is improper pursuant to Rule 45(c) of the Federal Rules of Civil Procedure.

2. Meta objects to the date, place and format of any production of documents (noticed for July 14, 2026, in Austin Texas). Any documents produced by Meta in response to the Subpoenas will be on a mutually agreeable date, in a mutually agreeable place and in a mutually agreeable format and upon entry of any appropriate amendments or addenda to the protective order.

3. Meta objects to the date, place and manner of deposition (noticed for July 21, 2026, in Austin Texas). Meta further objects to the extent the deposition subpoena requires compliance at a location inconsistent with Rule 45(c), does not concede that Austin is proper for its designee, if any, and reserves all rights regarding the place of deposition. Meta will not produce a deponent at this time.

4. Meta objects to the Subpoenas to the extent they are overbroad, unreasonable, and unduly burdensome or expensive.

5. Meta objects to the Subpoenas to the extent that they seek information, documents and/or testimony that are not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6. Meta objects to the Subpoenas (and to the Definitions and Instructions to the Subpoenas) to the extent that they purport to place upon Meta obligations and duties that are greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas , or the Court's Protective Order. While Meta may choose to use Plaintiff's instructions and definitions as a guide, Meta does not concede or stipulate to their validity or appropriate usage in these proceedings. Meta will respond to non-objectionable Requests in good faith and in a reasonable way and will satisfy its obligations, if any, under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, and the Court's Protective Order.

7. Meta objects to the Subpoenas to the extent that they fail to describe the information and documents requested and/or the proposed deposition topics or requests with reasonable particularity.

8. Meta objects to the Subpoenas to the extent that any request or topic is not based on the ordinary meaning of the words and terms used therein, and Meta, in responding to the Subpoenas, construes the words and terms used according to their ordinary meanings.

9. Meta objects to the Subpoenas to the extent that they seek information, documents and/or testimony in the possession of Plaintiff, parties to this Action, or other third parties who are equally available to Plaintiff and from whom Plaintiff can and should obtain such information, documents, and/or testimony. To the extent the Subpoenas seek the operation, design, functionality, source code, sample code, or documentation of NVIDIA products, those materials and testimony should be obtained from NVIDIA before seeking non-party customer discovery from Meta.

10. Meta objects to the Subpoenas to the extent that they seek publicly-available information and documents, or to the extent they seek information and documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

11. Meta objects to the Subpoenas (and to the Definitions and Instructions) to the extent that they purport to impose upon Meta a duty to search for and/or disclose

documents or information that is not within its possession, custody, or control, including documents or information that is in the possession, custody, or control of any entity other than Meta.

12. Meta objects to the Subpoenas as overly broad and unduly burdensome to the extent that they request "[a]ll" documents and things or information related to the subject matter described in any particular request.

13. Meta objects to the Subpoenas to the extent the burden or expense outweighs any likely benefit, considering the needs of this Action, the importance of the discovery in resolving the issues to be decided by the Court.

14. Meta objects to the Subpoenas (and to the Definitions and Instructions) to the extent that they seek or purport to require Meta to produce information, documents and/or testimony that are protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine or any other applicable privilege or immunity. To the extent that any request or topic may be construed as calling for the disclosure of information, documents and/or testimony that are protected from disclosure by the attorney/client privilege, the work-product doctrine, the common interest doctrine or any other privilege or immunity, Meta claims such privileges and objects to the production. Such information, documents and/or testimony shall not be provided in response to the Subpoenas and any inadvertent disclosure or production thereof shall not

be deemed a waiver of any privilege with respect to such information, documents and/or testimony, or of any work product protection which may attach thereto.

15. Meta objects to the Subpoenas (and to the Definitions and Instructions) to the extent that they seek or purport to require Meta to produce information, documents and/or testimony concerning, and the disclosure of, proprietary and highly-confidential business information. If and to the extent Meta agrees to provide any such information, documents and/or testimony, it will do so upon entry of any appropriate amendments or addenda to the protective order.

16. Meta objects to the Subpoenas and instructions to the extent that they seek or purport to require Meta to produce information, documents, or things subject to an obligation of confidentiality to a third party and would require Meta to breach a confidential contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

17. To the extent that Meta agrees to produce documents in response to any request, Meta agrees to produce responsive, non-privilege documents that it locates after a reasonable search and upon entry of any appropriate amendments or addenda to the protective order. By agreeing to produce documents responsive to any request, Meta does not admit that such documents exist, or that such documents are within Meta's possession, custody or control.

18. Meta objects to Instruction No. 17 as overly broad, unduly burdensome, and disproportionate to the needs of this case, given that Meta is not a party. Meta further objects to the proposed instruction to the extent that it purports to impose any obligations on Meta beyond those required by the Federal Rules of Civil Procedure. Meta does not agree to produce a privilege log. Meta will respond to the Subpoenas consistent only with its obligations as a non-party under the Federal Rules of Civil Procedure, the Local Rules, and any applicable Court Orders, including any applicable Standing Order.

19. Meta objects to these Requests and Topics to the extent they are simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. Meta further objects to the extent the Requests and Topics require Meta to identify, analyze, or evaluate its own technical systems in order to supply factual support for Plaintiff's infringement theories beyond information that is reasonably obtainable from NVIDIA or existing factual materials maintained by Meta. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.").

20. Meta further objects to these Requests and Topics to the extent they seek discovery into Meta's proprietary systems, software, or technical implementation for purposes beyond the claims and defenses asserted in this action against NVIDIA.

21. Meta objects to these Requests and Topics to the extent they seek documents and information related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

22. Meta objects to these Topics to the extent they fail to describe with particularity the matters for examination as required by Rule 30(b)(6), making it impossible for Meta to identify and prepare an appropriate corporate representative.

## OBJECTIONS TO DEFINITIONS

1. Meta objects to the definition of "NVIDIA GPUs" as vague, ambiguous, overly broad, burdensome, and not proportional to the needs of the case. It calls for Meta to have and apply knowledge regarding NVIDIA architectures and "any and all variations of the forementioned products." Such information is equally available to Neural AI and more readily available from Defendant. It also appears to be an unfiltered list of products rather than one limited to products sold to Meta; to the extent it includes products that are not used by Meta, such products are irrelevant.

2. Meta objects to each Request to the extent that they purport to require Meta to search for and identify "any," "each," "every," or "all" information and, documents, or things, and to the definitions of those words. Consistent with its obligations under the Federal Rules of Civil Procedure and only to the extent Meta agrees to produce any documents for a given request, Meta will, subject to its objections, identify responsive,

non-privileged information that can be located upon a reasonable search and is proportional to the needs of the case.

3. Meta objects to the definitions of "concerning," "related to," "relating to," and "regarding" to the extent that they impose overly broad, unduly burdensome, and disproportionate burdens on Meta with respect to the needs of these Subpoenas. For example, Plaintiff's definition would encompass material that is privileged and confidential and/or material that is not relevant or proportional to the needs of the case. To the extent any Request is proper, Meta will interpret "relating to," "related to," "concerning" and "regarding" as including nonprivileged material that is relevant and proportional to the needs of the case.

4. Meta objects to the definitions of "and," "or," and "and/or," to the extent such definitions are inconsistent, vague, or unduly burdensome when read in the context of any Request. Meta will treat the use of any word consistently with the contextual and grammatical use of the word.

5. Meta objects to the definition of "Document(s)" as overly broad, vague, and ambiguous. Meta further objects to the extent this definition purports to impose any obligations on Meta beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable rules, regulations, or standing orders of the Western District of Texas, and thus seeks to impose undue burden and expense on Meta.

6. Meta objects to the definition for "NVIDIA" and "Defendant" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case. For the purposes of this response, Meta will interpret "NVIDIA" and "Defendant" to mean the named Defendant, NVIDIA Corporation.

7. Meta objects to the definition of "person" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.

8. Meta objects to the definition of "Source Code" as overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case.

9. Meta objects to the definition for "You," "Your," and "Meta," and to Instruction Number 14, as overly broad, unduly burdensome, vague, ambiguous, and to the extent that they call for legal conclusions and includes entities unrelated to Meta and/or beyond Meta's control. Meta shall define "You," "Your," "Meta," and "Meta" to mean Meta Platforms, Inc. For avoidance of doubt, Meta's definition of "You," "Your," "Meta Platforms, Inc." and "Meta" does not include any other entity.

## SPECIFIC OBJECTIONS AND RESPONSES TO SUBPOENAS

Subject to and without waiving or limiting in any manner any of the foregoing Preliminary Statement, General Objections, and Objections to Definitions, but rather incorporating them into each of the following responses to the extent applicable, Meta responds to the Subpoena as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION, FIRST SET

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all software, frameworks, libraries, APIs, scripts, Source Code, configuration files, and custom code You use to perform computations on NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request seeks "all" of various things "use[d] to perform computations on NVIDIA GPUs," and regardless of whether any such things are accused of infringement or have any relation to the accusations against NVIDIA. It is overly broad and unduly burdensome to ask a non-party to try to assess and analyze all things that "perform computations" on a GPU. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms "scripts," "configuration files," "custom code," and "computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this

Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show whether You use NVIDIA 's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream), or any other NVIDIA software as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case.

Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all “computations [Meta] perform[s]” on a GPU. It is overly broad and unduly burdensome to ask non-party Meta to try to identify “any other NVIDIA software” regardless of whether such software is relevant to the case. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms “use,” “any other NVIDIA software” and “computations” as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show whether You use sample Source Code provided by NVIDIA as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all "computations [Meta] perform[s]" on a GPU. It is overly broad and unduly burdensome to ask non-party Meta to try to identify any use of "sample Source Code provided by NVIDIA." Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms "use," "sample Source Code" and "computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information

without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show whether and how any software You use to perform computations on NVIDIA GPUs calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by CUDA, cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications or frameworks or any other NVIDIA software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request seeks documents concerning "any software [Meta] use[s] to perform computations on NVIDIA GPUS," and regardless of whether any such software has any relation to the accusations against NVIDIA. It is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all software that may "perform computations on NVIDIA GPUs." It is overbroad and unduly burdensome to ask non-party Meta to assess and analyze whether and how any such software "calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by CUDA,

cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications or frameworks or any other NVIDIA software." It is overly broad and unduly burdensome to ask non-party Meta to try to identify "any other NVIDIA software" regardless of whether such software is relevant to the case. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the phrase "calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality" as overly broad, vague, and ambiguous in this context. Meta also objects to the terms "computations" and "any other NVIDIA software" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential

research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the architecture, design, data flow, control flow, and execution flow of any system in which You use NVIDIA GPUs to perform computations, including diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime logs, and profiler traces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request seeks documents concerning “any system in which You use NVIDIA GPUs to perform computations.” It is overly broad and unduly burdensome to ask nonparty Meta to assess and analyze all such systems. Meta objects that the “architecture, design, data flow, control flow, and execution flow” of any such systems is overly broad, untethered to relevant issues, and not proportional to the needs of the case. The Request appears to seek security-sensitive information concerning Meta’s internal computing and deployment infrastructure, disclosure of which could create operational and cybersecurity risks apart from

ordinary commercial confidentiality concerns. It is overly broad and unduly burdensome to ask nonparty Meta to track down such a breadth of document types "including diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime logs, and profiler traces." Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, objects to the terms "data flow, control flow," "execution flow," "system," "computations," "presentations," and "configuration files" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show whether computations You performed using NVIDIA GPUs involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request calls upon non-party Meta to assess and analyze "computations [Meta] performed using NVIDIA GPUs" and whether any such computations "involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers." It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "involved," "artificial neural networks," "neural-network computational layers," and "computations with outputs as inputs for other neurons or layers" as overly broad, vague, and ambiguous in this context, particularly where Neural AI did not provide definitions. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks

information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show whether You use a pointer to data stored in memory ( e.g. memory bank or partition), using as an input to a subsequent computational layer the pointer to output data from a GPU computation, using pointers in neural network computations, swapping an input pointer with the pointer to data output from a GPU computation, pointer swapping,

pointer rotation, buffer swapping, ping-pong buffers, double or triple buffering, alternating input/output buffers, or any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request calls upon non-party Meta to analyze whether it performs a long list of functionality. It is overbroad and unduly burdensome to ask a non-party to perform such an analysis once, let alone multiple times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "input," "computational layer," "output data," "computation," "pointer swapping," "pointer rotation," "buffer swapping," "ping-pong buffers," "double or triple buffering," "alternating input/output buffers," "technique," "layer," "time step," and "cycle" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze

information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show whether You store input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request calls upon non-party Meta to assess and analyze whether it performs a long list of functionality. It is overbroad and unduly burdensome to ask a non-party to perform such an analysis once, let alone multiple times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data," "partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned," "unified memory regions," and "computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order.

Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory-including GPU RAM (e.g. GPU HBM, GDDR) and/or GPU cache(s)-before, during, or in parallel with computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case.

Specifically, Meta objects that this Request assumes that Meta performs a long list of functionality and asks Meta to analyze how any such functionality is performed. It is overbroad and unduly burdensome to ask a non-party to perform such an analysis once, let alone multiple times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "input data," "received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded," "storage," "sensors," "other input sources," and "computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to

this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations You perform using NVIDIA GPUs-and also including in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while other GPU computations are occurring.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request assumes that Meta performs a long list of functionality and asks Meta to analyze how any such functionality is performed. It is overbroad and unduly burdensome to ask a non-party to perform such an analysis once, let alone multiple

times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "output data," "computations, tensors, buffers, activations, variables, or other computation results," "stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available," and "computations." Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or executed, including through kernels, CUDA streams, CUDA graphs, events, threads, controllers, schedulers, compilers, runtimes, inference engines, run lists, run engines, or custom software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request assumes that Meta performs a long list of functionality and asks Meta to analyze how any such functionality is performed. It is overbroad and unduly burdensome to ask a non-party to perform such an analysis once, let alone multiple times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "computations" and "ordered" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it

seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show whether and how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes,

input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Request is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, Meta objects that this Request calls upon non-party Meta to assess and analyze whether it performs a long list of functionality. It is overbroad and unduly burdensome to ask a non-party to perform such an analysis once, let alone multiple times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. Meta further objects that this Request is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes," and "affect computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Request to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Request to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Request asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Request to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third

parties or court order. Meta also objects to the extent that this Request seeks information on products not alleged to infringe the asserted patents. Meta objects to this Request to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Request to the extent it seeks documents related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

As propounded, this Request is overly broad and unduly burdensome. Meta is willing to confer with Plaintiff regarding whether there is a narrower category of information, if any, that is properly discoverable from Meta as a non-party and not more readily obtainable from NVIDIA or other sources.

## RESPONSES TO DEPOSITION TOPICS

**TOPIC NO. 1:**

The NVIDIA software and libraries You use to perform computations, including but not limited to NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream).

**RESPONSE TO TOPIC NO. 1:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Topic is overly broad and unduly burdensome to the extent that it seeks information that is not

relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all "computations." Meta objects to this Topic as duplicative of documents requested by Plaintiff's subpoenas. Meta further objects that this Topic is overly broad, vague, and ambiguous. Specifically, Meta objects to the term "computations" as overly broad, vague, and ambiguous in this context. In addition, listing numerous broad software packages, without identifying the particular functionality or subject matter for examination, does not describe a matter for examination with reasonable particularity and makes it infeasible to identify and prepare an appropriate corporate designee. Meta also objects to this Topic to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Topic to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Topic asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Topic to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Topic seeks information on products not alleged to infringe the asserted patents. Meta objects to the noticed date, time, and manner of deposition (July 21, 2026, in Austin, Texas). Any deposition, to the extent that Meta agrees to such a deposition, should be held at a time and place mutually agreeable to Meta and its counsel. Meta objects to Plaintiff seeking a deposition on this Topic when the same information could be obtained by less burdensome means. Meta objects to this Topic to the extent it seeks information related to trade secret or other highly confidential research, development, or commercial information without

adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

Meta does not agree to designate a Rule 30(b)(6) witness on this Topic. As drafted, the Topic is not an appropriate subject for Rule 30(b)(6) testimony and does not describe with particularity the matters for examination. In addition, any potentially relevant information, to the extent it exists, is more appropriately sought through less burdensome means, including appropriately tailored document discovery.

**TOPIC NO. 2:**

The NVIDIA sample Source Code You use, in whole or in part, to conduct computations.

**RESPONSE TO TOPIC NO. 2:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Topic is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all "computations." It is overly broad and unduly burdensome to seek information about "computations" generally and without any tie to Plaintiff's allegations as to NVIDIA. Meta objects to this Topic as duplicative of documents requested by Plaintiff's subpoenas. Meta further objects that this Topic is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "sample Source Code" and "conduct computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Topic to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Topic to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party

Meta. Questions concerning the contents, design, and operation of NVIDIA sample source code should be directed to NVIDIA. Meta further objects to the extent this Topic asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Topic to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Topic seeks information on products not alleged to infringe the asserted patents. Meta objects to the noticed date, time, and manner of deposition (July 21, 2026, in Austin, Texas). Any deposition, to the extent that Meta agrees to such a deposition, should be held at a time and place mutually agreeable to Meta and its counsel. Meta objects to Plaintiff seeking a deposition on this Topic when the same information could be obtained by less burdensome means. Meta objects to this Topic to the extent it seeks information related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

Meta does not agree to designate a Rule 30(b)(6) witness on this Topic. As drafted, the Topic is not an appropriate subject for Rule 30(b)(6) testimony and does not describe with particularity the matters for examination. In addition, any potentially relevant information, to the extent it exists, is more appropriately sought through less burdensome means, including appropriately tailored document discovery.

**TOPIC NO. 3:**

Your customizations and/or data inputs to NVIDIA software that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run.

**<u>RESPONSE TO TOPIC NO. 3:</u>**

In addition to its General Objections and Objections to Definitions, Meta objects that this Topic is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all "data inputs" and how they may alter how NVIDIA software performs. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. It is overly broad and unduly burdensome to expect a Meta witness to testify about how NVIDIA software performs computations. Meta objects to this Topic as duplicative of documents requested by Plaintiff's subpoenas. Meta further objects that this Topic is overly broad, vague, and ambiguous. Specifically, Meta objects to the terms and phrases "data inputs," "alter," and "computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Topic to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Topic to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Topic asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Topic to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Topic seeks information on products not alleged to infringe the asserted patents. Meta objects to the noticed date, time, and manner of deposition (July 21, 2026, in Austin Texas). Any deposition, to the extent that Meta agrees to such a deposition, should be held at a time and place mutually agreeable to Meta and its counsel.

Meta objects to Plaintiff seeking a deposition on this Topic when the same information could be obtained by less burdensome means. Meta objects to this Topic to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Topic to the extent it seeks information related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

Meta does not agree to designate a Rule 30(b)(6) witness on this Topic. As drafted, the Topic is not an appropriate subject for Rule 30(b)(6) testimony and does not describe with particularity the matters for examination. In addition, any potentially relevant information, to the extent it exists, is more appropriately sought through less burdensome means, including appropriately tailored document discovery.

**TOPIC NO. 4:**

Identification of Your software that uses NVIDIA GPUs to perform computations.

**RESPONSE TO TOPIC NO. 4:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Topic is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all software that uses a GPU, regardless of whether Meta wrote or controls the software. This Topic potentially spans numerous unrelated Meta products, infrastructure systems, research

environments, and internal tools and therefore is not a discrete matter reasonably susceptible to preparation of a corporate witness. Meta objects to this Topic as duplicative of documents requested by Plaintiff's subpoenas. Meta further objects that this Topic is overly broad, vague, and ambiguous. Specifically, Meta objects to the term "computations" as overly broad, vague, and ambiguous in this context. Meta also objects to this Topic to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Topic to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Topic asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Topic to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Topic seeks information on products not alleged to infringe the asserted patents. Meta objects to the noticed date, time, and manner of deposition (July 21, 2026, in Austin Texas). Any deposition, to the extent that Meta agrees to such a deposition, should be held at a time and place mutually agreeable to Meta and its counsel. Meta objects to Plaintiff seeking a deposition on this Topic when the same information could be obtained by less burdensome means. Meta objects to this Topic to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Topic to the extent it seeks information related to trade secret or other highly confidential research, development, or commercial information without adequate

protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

Meta does not agree to designate a Rule 30(b)(6) witness on this Topic. As drafted, the Topic is not an appropriate subject for Rule 30(b)(6) testimony and does not describe with particularity the matters for examination. In addition, any potentially relevant information, to the extent it exists, is more appropriately sought through less burdensome means, including appropriately tailored document discovery.

**TOPIC NO. 5:**

Using Your software, the ways in which output data from a GPU computation(s), including intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs.

**RESPONSE TO TOPIC NO. 5:**

In addition to its General Objections and Objections to Definitions, Meta objects that this Topic is overly broad and unduly burdensome to the extent that it seeks information that is not relevant to any claim or defense in this action or is not proportional to the needs of the case. Specifically, it is overly broad and unduly burdensome to ask non-party Meta to try to assess and analyze all software that uses a GPU, regardless of whether Meta wrote or controls the software. Meta objects that this Topic is overly broad and unduly burdensome in that it assumes that Meta performs a long list of functionality and asks Meta to analyze how any such functionality is performed. It is overbroad and unduly burdensome to ask a non-party to perform such an

analysis once, let alone multiple times over. It is overbroad and unduly burdensome that Plaintiff directs such a demand for analysis at Meta generally without any limitation as to any specific systems or software to be searched. It is overly broad and unduly burdensome to ask non-party Meta to perform Plaintiff's analysis for it. It is overly broad to ask about "GPU computations" to the extent that term could refer to GPUs made by suppliers other than NVIDIA, which would not be relevant. Meta objects to this Topic as duplicative of documents requested by Plaintiff's subpoenas. Meta further objects that this Topic is overly broad, vague, and ambiguous. The entire topic is ungrammatical and nonsensical in that it is framed beginning as, "Using Your software, the ways in which …." Specifically, Meta objects to the terms and phrases "Using Your software," "the ways," "output data, "computation(s)," "stored, referenced …, transferred, copied, streamed, written back, returned, accumulated, reused, or made available" and "another memory location" as overly broad, vague, and ambiguous in this context. Meta also objects to this Topic to the extent it seeks information that is publicly available and equally accessible to Plaintiff as it is to Meta. Meta also objects to this Topic to the extent it seeks information in the possession of Defendant NVIDIA that is properly sought through party discovery rather than by burdening third party Meta. Meta further objects to the extent this Topic asks Meta to produce or analyze information not within its possession, custody, or control, or not kept in the ordinary course of business. Meta objects to this Topic to the extent it seeks information or documents that Meta is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Meta also objects to the extent that this Topic seeks information on products not alleged to infringe the asserted patents. Meta objects to the noticed date, time, and manner of deposition (July 21, 2026, in Austin Texas). Any deposition, to the extent that Meta agrees to such a deposition, should be held at a time and place mutually agreeable to Meta and its counsel.

Meta objects to Plaintiff seeking a deposition on this Topic when the same information could be obtained by less burdensome means. Meta objects to this Topic to the extent it is simply fishing for the basis for a claim where Plaintiff currently lacks a viable theory. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim."). Meta objects to this Topic to the extent it seeks information related to trade secret or other highly confidential research, development, or commercial information without adequate protections in place.

Subject to and without waiving the foregoing objections, Meta responds as follows:

Meta does not agree to designate a Rule 30(b)(6) witness on this Topic. As drafted, the Topic is not an appropriate subject for Rule 30(b)(6) testimony and does not describe with particularity the matters for examination. In addition, any potentially relevant information, to the extent it exists, is more appropriately sought through less burdensome means, including appropriately tailored document discovery.

Dated: July 16, 2026

Respectfully submitted,

*/s/ Alison R. Watkins*
Alison R. Watkins, Bar No. 253023
alison.watkins@ashurstperkins.com
ASHURST PERKINS COIE US LLP
3150 Porter Drive
Palo Alto, California 94304-1212

W. Matthew Pierce, Bar No. 47635
wmatthew.pierce@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255

Non-Party Meta Platforms, Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to Neural AI's counsel of record, via email.

| | |
|---|---|
| Brian D. Melton<br>Max L. Tribble , Jr.<br>Rocco Magni<br>Samuel Drezdzon<br>Susman Godfrey, LLP<br>1000 Louisiana St.<br>Suite 5100<br>Houston, TX 77002<br>713-653-7825<br>Fax: 713-654-6666<br>Email: bmelton@susmangodfrey.com<br>mtribble@susmangodfrey.com<br>rmagni@susmangodfrey.com<br>sdrezdzon@susmangodfrey.com<br><br>Attorneys for Plaintiff<br>Neural AI, LLC | Emily Michelle Portuguese<br>Tamar Lusztig<br>Susman Godfrey LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>212-336-8330<br>Email: eportuguese@susmangodfrey.com<br>tlusztig@susmangodfrey.com<br><br>Attorneys for Plaintiff<br>Neural AI, LLC |
| Massimo Ciccarelli<br>Ciccarelli Law Firm<br>100 N 6th Street, Suite 502<br>Waco, TX 76701<br>214-444-8869<br>Email: max@ciccarellilawfirm.com<br><br>Attorneys for Plaintiff<br>Neural AI, LLC | Tanner H. Laiche<br>Susman Godfrey L.L.P.<br>401 Union St., Suite 3000<br>Seattle, WA 98101<br>206-516-3880<br>Fax: 206-516-3883<br>Email: tlaiche@susmangodfrey.com<br><br>Attorneys for Plaintiff<br>Neural AI, LLC |

| | |
|---|---|
| William D. Ellerman<br>Cherry Johnson Siegmund James PLLC<br>One Glen Lakes Tower<br>8140 Walnut Hill Lane<br>Suite 105<br>Dallas, TX 75231<br>254-732-2242<br>Fax: 866-627-3509<br>Email: wellerman@cjsjlaw.com<br><br>Attorneys for Plaintiff<br>Neural AI, LLC | Mark D. Siegmund<br>Cherry Johnson Siegmund James, PLLC<br>7901 Fish Pond Road<br>Ste 2nd Floor<br>Waco, TX 76710<br>254-732-2242<br>Fax: 866-627-3509<br>Email: msiegmund@cjsjlaw.com<br><br>Attorneys for Plaintiff<br>Neural AI, LLC |

*/s/Alison R. Watkins*
Alison R. Watkins